# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH R. FILBERT**, | CIVIL ACTION NO. 19-1375 |
| Plaintiff, | JUDGE JOY FLOWERS CONTI |
| v. | |
| **EZ RENTALS, LLC.,** | |
| Defendant. | |

## <u>OPINION</u>

This case arises out of a landlord-tenant dispute. Both plaintiff Joseph Filbert ("Filbert") and defendant EZ Rentals, LLC ("EZ Rentals") are pro se. Pending before the court are: (1) a letter from Debbie Schweiger ("Schweiger"), the owner of EZ Rentals, asking for the case to be dismissed, which the court docketed as a motion to dismiss (ECF No. 4); (2) a handwritten motion from Filbert "for U.S. District Court to enforce defendant to comply with civil complaint and procedures of district court" (ECF No. 6); and (3) a motion to deny dismissal filed by Filbert (ECF No. 7), which was docketed as a response to defendant's motion to dismiss.

Before addressing any of the pending motions and considering whether an LLC can be represented by a nonlawyer, the court has a nondelegable duty to ensure that it may properly exercise subject-matter jurisdiction. Federal courts are courts of limited jurisdiction and may only exercise subject-matter jurisdiction if the case presents a federal question under 28 U.S.C. § 1331 or meets the requirements for diversity of citizenship jurisdiction under 28 U.S.C. § 1332. On the face of the complaint (ECF No. 1), it is readily apparent that there is no basis for this court to exercise subject-matter jurisdiction.

Filbert's allegations concern a landlord-tenant relationship and a civil action filed against him by EZ Rental in a Pennsylvania state court. EZ Rental sought back rent and damages for wiring a bedroom light fixture at an apartment rented by Filbert. The Pennsylvania magistrate entered a decision in favor of EZ Rental. Filbert contends that the decision was unfair, and that he paid all his rent and never had access to remove the light fixture. Filbert stated in the complaint that he was not on Section Eight. (Complaint ¶ 2). Filbert stated that as a result of the decision, he was evicted. In the complaint, Filbert also alleges that EZ Rental harassed him in April 2019 by cutting the cord to his air conditioner, and makes a vague reference to a fine of $269.00.

The complaint does not present a federal question. The court cannot reasonably infer any constitutional violations from the face of the complaint. Filbert asserts constitutional rights violations but only in conclusory terms. Federal courts do not have jurisdiction over landlord-tenant disputes. *See Groves v. Wilson*, 404 F. App'x 705, 707 (3d Cir. 2010) (federal courts lack subject-matter jurisdiction where complaint sought to relitigate the events leading up to and following eviction). To the extent that Filbert is inviting this federal court to review, re-examine and reject a state court final ruling in a state case, presented by the state court loser, complaining of injuries caused by the state court final judgment rendered before this court's proceedings commenced, this court's jurisdiction is barred by the *Rooker-Feldman* doctrine. *Kwasnik v. Leblon*, 228 F. App'x 238, 242 (3d Cir. 2007). The proper forum for Filbert to seek relief from an unfair decision by a Pennsylvania magisterial district judge is the Pennsylvania Court of Common Pleas. *See* 42 Pa. Cons. Stat. Ann. § 932 ("Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each court of common pleas shall have exclusive jurisdiction of appeals from final orders of the minor judiciary established within the judicial district.").

The face of the complaint demonstrates that the court may not exercise diversity of citizenship jurisdiction over this case.   To be proper, the amount in controversy must exceed $75,000, and the case must be between citizens of different States.  28 U.S.C. § 1332. In the instant case, the complaint recites that the plaintiff and defendant are both citizens of Pennsylvania. Because the complaint reveals on its face that this lawsuit is not between citizens of different states, the plaintiff may not invoke diversity jurisdiction in this matter.

In summary, this federal court lacks subject-matter jurisdiction over this dispute.  The complaint will be dismissed with prejudice and without leave to amend because amendment would be futile.  All pending motions will be denied as moot.

An appropriate order follows.


January 10, 2020.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOSEPH R. FILBERT**, | CIVIL ACTION NO.   19-1375 |
| Plaintiff, | JUDGE JOY FLOWERS CONTI |
| v. | |
| **EZ RENTALS, LLC.,** | |
| Defendant. | |

## **ORDER**

AND NOW this 10th day of January, 2020, in accordance with the foregoing opinion, it is hereby ORDERED, ADJUDGED and DECREED that the complaint is dismissed with prejudice and without leave to amend because this federal court lacks subject-matter jurisdiction over this dispute.  All pending motions are denied as moot.  The case shall be marked closed.

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge